Patricia A. WHITEMAN, Plaintiff,

v.

GRAPHIC COMMUNICATIONS INTER-
NATIONAL UNION SUPPLEMENTAL
RETIREMENT AND DISABILITY
FUND, Defendant.

Civ. A. No. 93–1713.

United States District Court,
District of Columbia.

Sept. 27, 1994.

William Francis Hanrahan, Groom &
Nordberg, Chartered, Washington, DC, for
plaintiff.

Susan Lynne Catler, Martin Richard Ganz-
glass, O'Donnell, Schwartz & Anderson,
Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter is before the Court on Plain-
tiff's and Defendant's cross-motions for sum-
mary judgment. Plaintiff Patricia A. White-
man has brought this action against Defen-
dant Graphic Communications International
Union Supplemental Retirement and Disabil-
ity Fund for disability payments. There ex-
ist no triable issues of material fact and the
Court is presented with a legal issue of first
impression for the D.C. Circuit.

Pursuant to Section 402(a)(1) of the Em-
ployee Retirement Income Security Action of
1974 ("ERISA"), 29 U.S.C. § 1102(a)(1), all
employee benefit plans "shall be established
and maintained pursuant to a written instru-
ment." In addition to a written plan docu-
ment, ERISA requires that plan fiduciaries
furnish to participants and beneficiaries a
"summary plan description." (hereinafter
"SPD") 29 U.S.C. § 1022(a)(1). This SPD
"shall be written in a manner calculated to be
understood by the average plan participant,
and shall be sufficiently accurate and com-
prehensive to reasonably apprise such partic-
ipants and beneficiaries of their rights and
obligations under the plan." Id.

## SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Proce-
dure 56(c), summary judgment "shall be ren-
dered forthwith if the pleadings, depositions,
answers to interrogatories, and admissions
on file, together with the affidavits, if any,
show that there is no genuine issue as to any
material fact and that the moving party is

entitled to a judgment as a matter of law." In this case, both parties concede that there are no genuine issues of material fact and that the issue before the court is solely one of law.

## FACTUAL BACKGROUND

Plaintiff was an employee of Graphic Communications International Union (hereinafter "GCIU") from October 2, 1972 through July 15, 1983. On October 21, 1984, after her employment had terminated, Plaintiff injured her back and neck while escaping from a burning building. On June 30, 1988, the Social Security Administration determined that Mrs. Whiteman had been permanently and totally disabled since November 2, 1986 and awarded Plaintiff Social Security disability benefits. On March 15, 1990, Plaintiff applied to Defendant for a disability pension. The Plan's administrator, in a letter dated March 26, 1990, denied Plaintiff's application. Subsequently, Plaintiff appealed the denial to the Board of Trustees of the Plan and lost. This action followed.

## ANALYSIS AND DECISION

It is undisputed that Plaintiff was a 10 year employee of GCIU and was vested under the Union's non-contributory retirement Plan. At the appropriate age, she would be entitled to a full pension. What is at issue in this proceeding is whether Plaintiff is presently entitled to disability payments.

The Plan provides for both regular retirement as well as disability payments. For purposes of receipt of retirement payments, a person who has at least 10 years of credited service becomes vested and entitled to a pension upon reaching retirement age. To obtain disability payments under the precise reading of the Plan, in addition to being disabled, an employee must be a participant and must have become disabled within 2 years of the employer's last contribution on behalf of the employee. It is because Plaintiff's disability occurred more than two years after her Union employment ended that the Defendant has denied Plaintiff disability benefits. It is conceded that if the wording of the Plan governed, Plaintiff would not be entitled to relief. What Plaintiff contends is

that under the SPD she is entitled to benefits. The SPD makes no reference to the two year cut-off period that is set forth in the Plan. A reasonable reading of the SPD clearly supports Plaintiff's position. The pertinent provision of the SPD sets forth the following requirements for disability payment eligibility:

D. Long Term Disability Benefit

You are entitled to a Long Term Disability Benefit if you are a participant and become *permanently and totally disabled* prior to age 65 and

1) You are at least 35 years old with 5 years of Credited Service (any combination of past and future service) OR You are any age, but have at least 15 years of Credited Service (any combination of past and future service), and

2) Contributions have been or were required to be made on your behalf for at least 260 weeks, or for at least 52 weeks prior to May 1, 1982; and

3) You are entitled to disability benefits under the Social Security law, or the equivalent Canadian law.

Defendant's Exhibit A at 23. The SPD provides the following definition of participant:

*Participant*—Generally, you are a participant if you meet any of the following conditions:

(a) An employer contributes or is required to contribute, pursuant to a collective bargaining agreement, to the Fund for one hour or part of an hour on your behalf.

(b) You are vested.

(c) You are receiving a benefit.

(d) You are eligible to receive a benefit, but have not yet applied or received it.

Defendant's Exhibit A at 15. Because Plaintiff was vested, it is clear that Plaintiff meets all the above requirements listed in the SPD for disability benefits. Hence, there is a discrepancy between the language of the SPD and the Plan.

■ Five of the circuits that have been confronted with the issue of discrepancies between the SPD and the Plan have held

that the language of the SPD governs. See *Pierce v. Security Trust Life Ins. Co.*, 979 F.2d 23, 27 (4th Cir.1992); *Hansen v. Continental Ins. Co.*, 940 F.2d 971 (5th Cir.1991); *Heidgerd v. Olin Corp.*, 906 F.2d 903 (2d Cir.1990); *Edwards v. State Farm Mutual Auto Ins. Co.*, 851 F.2d 134, 137 (6th Cir. 1988); *McKnight v. Southern Life and Health Ins. Co.*, 758 F.2d 1566 (11th Cir. 1985). This Court believes that the results reached by those circuits is the correct one. ERISA clearly dictates this result. The Act requires that an SPD be provided to Plan participants. It is clearly contemplated that a Plan participant should be able to rely on the Plan's summary description. The SPD in this case would lead a Plan member to conclude that once he or she was vested in the Plan he or she would be fully eligible for both retirement and disability payments. It would be unreasonable to require a Plan participant to examine the actual Plan to search for conflicting requirements.

The Court does not understand why the SPD simply did not include the two year disability cut-off period in its description. Defendant contends that the provisions regarding disqualification for disability benefits are immaterial because disability benefits only constitute approximately 10% of the benefits paid out by the Fund.

Defendant's position is unacceptable. The 10% payment is not controlling on the issue of materiality. As in this case, retirement plans are designed to cover two important phases of an employee's career; namely, the employee's financial well being in his or her retirement years and during any period of incapacitation. That only one in ten employees becomes incapacitated does not mean that disability is not a "material" concern of an employee who is planning for his or her future.

## CONCLUSION

The Court finds that under the terms of the SPD Plaintiff is a vested plan participant entitled to disability payments. Accordingly, summary judgment is rendered for Plaintiff. An appropriate order accompanies this memorandum opinion.

## ORDER

Upon consideration of the cross-motions for summary judgment from the Plaintiff, Patricia A. Whiteman, and the Defendant, Graphic Communications International Union Supplemental Retirement and Disability Fund, and in accordance with the Court's Memorandum Opinion, it is this 26th day of September 1994

ORDERED, that the motion for summary judgment of the Plaintiff, Patricia A. Whiteman, is GRANTED. And it is

FURTHER ORDERED, that the motion for summary judgment of the Defendant, Graphic Communications International Union Supplemental Retirement and Disability Fund, is DENIED. And it is

FURTHER ORDERED, that the Plaintiff, Patricia A. Whiteman, is entitled to a Long Term Disability Benefit from the Graphic Communications International Union Supplemental Retirement and Disability Fund, for a disability that commenced on November 2, 1986. Defendant shall forthwith commence payment of this Long Term Disability Benefit, including all past due amounts, beginning six months following November 2, 1986, with interest on such past due amounts at the rate specified in 28 U.S.C. § 1961, calculated from March 15, 1990. And it is

FURTHER ORDERED, pursuant to the Local Rule 215(a), the parties are directed to meet and confer to discuss the payment of fees to the attorneys for the Plaintiff. A conference is scheduled to Nov. 2, 1994 at 10:00, in the U.S. District Courthouse, Courtroom 6 to determine whether the parties have reached a settlement regarding the issue of attorney's fees and, if not, to set an appropriate schedule for the resolution of this issue.